**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

KENNY WATFORD, et al.,          :
                                :    Civil Action No. 10-3650 (NLH)
              Plaintiffs,        :
                                :
         v.                     :    **MEMORANDUM OPINION**
                                :
ROBERT BALICKI,                 :
                                :
              Defendant.         :

**APPEARANCES:**

Plaintiffs <u>pro</u> <u>se</u>
Kenny Watford
Matthew Craddock
Todd Ford
Charles A. Heard
Steven W. Mackay
Michael W. Lamb
David Zimmerman
Omar Rivera
Aaron Ward
Quason Blake
Richard Strong
Thomas Wright
Eric White
Clarence Jenkins
and David Martinez, Sr.
Cumberland County Jail
54 West Broad Street
Bridgeton, NJ 08302

**HILLMAN**, District Judge

      Plaintiffs, pre-trial detainees and convicted prisoners

confined at Cumberland County Jail in Bridgeton, New Jersey, seek

to bring this civil action <u>in</u> <u>forma</u> <u>pauperis</u>, without prepayment

of fees or security, asserting claims pursuant to 42 U.S.C.

§ 1983.  Plaintiffs seek to challenge a jail policy regarding transportation of certain prisoners in handcuffs.

Civil actions brought in forma pauperis are governed by 28 U.S.C. § 1915.  The Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

Under the PLRA, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee.  28 U.S.C. § 1915(a)(1).  The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint.  28 U.S.C. § 1915(a)(2).  The prisoner must obtain this certified statement from the appropriate official of each prison at which he was or is confined.  Id.

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee in installments.  28 U.S.C. § 1915(b)(1).  In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to

2

20 % of the preceding month's income credited to the prisoner's
account.  28 U.S.C. § 1915(b)(2).

In <u>Hagan v. Rogers</u>, 570 F.3d 146 (3d Cir. 2009), the Court
of Appeals for the Third Circuit held that <u>in</u> <u>forma</u> <u>pauperis</u>
prisoners are not categorically barred from joining as plaintiffs
under Rule 20 of the Federal Rules of Civil Procedure and further
addressed certain considerations applicable to civil cases in
which multiple prisoner plaintiffs seek to join in one action
pursuant to Rule 20.

Plaintiffs may not have known when they submitted their
complaint that, where the entire $350 filing fee has not been
pre-paid and the plaintiffs seek leave to proceed <u>in</u> <u>forma</u>
<u>pauperis</u>, <u>each of them</u> must submit a separate application for
leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> and <u>each of them</u> must be
assessed and pay the <u>full</u> filing fee, and that even if the full
filing fee, or any part of it, has been paid, the Court must
dismiss the case if it finds that the action: (1) is frivolous or
malicious; (2) fails to state a claim upon which relief may be
granted; or (3) seeks monetary relief against a defendant who is
immune from such relief.  28 U.S.C. § 1915(e)(2)(B) (<u>in</u> <u>forma</u>
<u>pauperis</u> actions); <u>Hagan</u>, 570 F.3d at 150.  <u>See also</u> 28 U.S.C.
§ 1915A (dismissal of actions in which prisoner seeks redress
from a governmental defendant); 42 U.S.C. § 1997e (dismissal of
prisoner actions brought with respect to prison conditions).  If

the Court dismisses the case for any of these reasons, the PLRA does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If any prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

In addition, Rule 20 of the Federal Rules of Civil Procedure provides the following regarding permissive joinder of parties:

(1)   Plaintiffs.  Persons may join in one action as plaintiffs if:
   (A)   they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
   (B)   any question of law or fact common to all plaintiffs will arise in the action.
(2)   Defendants.  Persons ... may bejoined in one action as defendants if:
   (A)   any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
   (B)   any question of law or fact common to all defendants will arise in the action.

Fed.R.Civ.P. 20(a).

4

The requirements prescribed by Rule 20(a) are to be liberally construed in the interest of convenience and judicial economy.  Swan v. Ray, 293 F.3d 1252, 1253 (11th Cir. 2002).  However, the policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit.  See, e.g., Pruden v. SCI Camp Hill, 252 Fed.Appx. 436 (3d Cir. 2007); George v. Smith, 507 F.3d 605 (7th Cir. 2007); Coughlin v. Rogers, 130 F.3d 1348 (9th Cir. 1997).

"In exercising its discretion [whether to permit joinder], the District Court must provide a reasoned analysis that comports with the requirements of the Rule, and that is based on the specific fact pattern presented by the plaintiffs and claims before the court."  Hagan, 540 F.3d at 157.

Also, Title 42 Section 1997e(a) provides that, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Exhaustion of administrative remedies by one prisoner does not meet the exhaustion requirement for multiple prisoner plaintiffs seeking to join in one action; joinder may not be appropriate where a separate determination is required as to whether each co-plaintiff has complied with the exhaustion requirement.  See, e.g., Lilly v. Ozmint, Civil No. 07-1932, 2007

5

WL 2022190 (D.S.C. July 11, 2007); <u>Worthen v. Oklahoma Dept. of Corrections</u>, 2007 WL 4563665, *3 (W.D. Okla. 2007).

Finally, it remains an open question in this Circuit whether a plaintiff whose claims proceed may be held responsible under 28 U.S.C. § 1915(g) for the dismissal of a co-plaintiff's claims. <u>Hagan</u>, 570 F.3d at 156.  <u>Cf.</u> <u>Boriboune v. Berge</u>, 391 F.3d 852, 854-55 (7th Cir. 2004); <u>George v. Smith</u>, 507 F.3d 605, 607-08 (7th Cir. 2007).

IT APPEARING THAT:

In this action, the $350 filing fee was not pre-paid and <u>no</u> Plaintiff submitted a complete <u>in forma pauperis</u> application as required by 28 U.S.C. § 1915(a)(1), (2), including a certified account statement.  <u>See</u>, <u>e.g.</u>, <u>Tyson v. Youth Ventures, L.L.C.</u>, 42 Fed.Appx. 221 (10th Cir. 2002); <u>Johnson v. United States</u>, 79 Fed.Cl. 769 (2007).

The plaintiffs include both pre-trial detainees, whose prison conditions-of-confinement claims are governed by the Due Process Clause of the Fourteenth Amendment, and convicted and sentenced prisoners whose conditions-of-confinement claims are governed by the Eighth Amendment proscription against cruel and unusual punishment.  <u>See</u> <u>Bell v. Wolfish</u>, 441 U.S. 520, 535, n.16, 545 (1979); <u>City of Revere v. Massachusetts General Hospital</u>, 463 U.S. 239, 244 (1983); <u>Hubbard v. Taylor</u>, 399 F.3d 150 (3d Cir. 2005); <u>Fuentes v. Wagner</u>, 206 F.3d 335, 341 (3d Cir.

6

2000).  Thus, it appears that the claims of the two groups of
Plaintiff may not be appropriate for joinder.

    The allegations of the Complaint do not suggest that
Plaintiff is in imminent danger of serious physical injury.

<u>CONCLUSION</u>

    For the reasons set forth above, Plaintiffs' application for
leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> will be denied without
prejudice and the Clerk of the Court will be ordered to
administratively terminate this action, without filing the
complaint or assessing a filing fee.  Plaintiffs will be granted
leave to move to re-open within 30 days.[1]  Any such motion to re-
open must be accompanied by either (1) pre-payment of the full
$350 filing fee or (2) an application from <u>each</u> plaintiff for
leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, including the required
certified six-months institutional account statement.  In
addition, in order for the Court to be able to determine whether
joinder should be permitted, any such motion to re-open must be
accompanied by a statement, signed by <u>each</u> plaintiff, detailing
(1) any prior actions brought <u>in</u> <u>forma</u> <u>pauperis</u> by <u>each</u>

---

    [1] Such an administrative termination is not a "dismissal"
for purposes of the statute of limitations, and if the case is
reopened pursuant to the terms of the accompanying Order, it is
not subject to the statute of limitations time bar if it was
originally filed timely.  <u>See</u> <u>Houston v. Lack</u>, 487 U.S. 266
(1988) (prisoner mailbox rule); <u>McDowell v. Delaware State
Police</u>, 88 F.3d 188, 191 (3d Cir. 1996); <u>see also</u> <u>Williams-Guice
v. Board of Education</u>, 45 F.3d 161, 163 (7th Cir. 1995).

plaintiff, (2) the efforts made by <u>each</u> plaintiff to exhaust his administrative remedies, and (3) the status of <u>each</u> plaintiff, as a pre-trial detainee, a convicted but unsentenced prisoner, or a convicted and sentenced prisoner, and setting forth the dates applicable to each such status.

An appropriate Order will be entered.


At Camden, New Jersey            /s/ NOEL L. HILLMAN
                                 Noel L. Hillman
                                 United States District Judge

Dated: JULY 23, 2010

8